1  BRIAN J. STRETCH (CABN 163973)
   Acting United States Attorney
2
3  DAVID R. CALLAWAY (CABN 121782)
   Chief, Criminal Division
4  JONAS LERMAN (CABN 274733)
   Assistant United States Attorney
5
6       1301 Clay Street, Suite 340S
        Oakland, California 94612
7       Telephone: (510) 637-3680
        Fax: (510) 637-3724
8       jonas.lerman@usdoj.gov

9  Attorneys for United States of America

10                    UNITED STATES DISTRICT COURT

11                   NORTHERN DISTRICT OF CALIFORNIA

12                           OAKLAND DIVISION

13
   UNITED STATES OF AMERICA,           )  CASE NO. 15-CR-406 JST
14                                     )
        Plaintiff,                     )  **STIPULATION AND [PROPOSED]**
15                                     )  **PROTECTIVE ORDER REGARDING**
     v.                                )  **PRODUCTION OF CONFIDENTIAL**
16                                     )  **DISCOVERY**
   BRANDON COOPER,                     )
17                                     )
        Defendant.                     )
18                                     )
                                       )
19

20      Plaintiff United States, by and through its attorney of record, and Defendant Brandon Cooper, by

21 and through his attorney of record, hereby stipulate and ask the Court to find as follows:

22      1.    A federal grand jury has returned an eight-count indictment charging the defendant with

23 violations of 21 U.S.C. § 841(a)(1) and (b)(1)(C) (distribution and possession with intent to distribute

24 MDMA and cocaine base).

25      2.    The United States believes that the proposed protective order is necessary to preclude

26 selected discovery materials, which may contain the identities of potential witnesses and/or undercover

27 agents, along with information from which those identities may be discovered, from being disseminated

28
STIPULATION AND [PROPOSED] PROTECTIVE ORDER
15-CR-406 JST

to the public and to the defendant.  Specifically, the government believes that the proposed protective order will greatly reduce the possibility that individuals will misuse discovery materials to identify, intimidate, or harm witnesses or undercover agents.

3. Defendant and his defense counsel deny that any person would be endangered by the defendant's possession of any discovery material in this matter.  The parties agree that no inference should be drawn about the defendant's dangerousness because of his agreement to enter into this stipulation and be subject to the protective order.

4. The parties agree that the following conditions, if ordered by the Court, should serve the United States' interest in protecting witnesses, undercover agents, and other members of the community, and reduce the risk of retribution against cooperating witnesses and undercover agents by precluding the circulation of selected documents and digital media (e.g., CD-ROMs, DVDs, and digital photographs) throughout the prison system and the community, while permitting the defense to physically obtain discovery required by Federal Rule of Criminal Procedure 16 and the United States Constitution, rather than review it at a secure government location.  Accordingly, the parties jointly request that the Court order as follows:

a. For purposes of this Order, the term "defense team" refers to: (1) the counsel of record for the defendant; (2) defense investigators assisting the defense team with this case; (3) employees of the defense team's law office; and (4) any expert witnesses who may be retained or appointed by the defense team.  For purposes of this Order, the term "defense team" does not include the defendant.

b. The government is authorized to provide the defense team with discovery required by Federal Rule of Criminal Procedure 16 and may, in its discretion, designate any discovery produced as "Confidential Discovery" to be governed by the terms of this protective order.   The government may designate discovery as confidential by marking such discovery as "CONFIDENTIAL" and shall produce such discovery on a document, CD, or DVD marked "WARNING: CONTENTS SUBJECT TO PROTECTIVE ORDER.  UNAUTHORIZED COPYING OR VIEWING IS SUBJECT TO PUNISHMENT AS CONTEMPT OF COURT."  The defense team may object to the government's

STIPULATION AND [PROPOSED] PROTECTIVE ORDER
15-CR-406 JST

1   designation of materials that it believes should not be "CONFIDENTIAL" and may seek relief from the
2   Court if the defense team disagrees with the government's designation.

3         c.    The defense team shall not permit anyone other than the defense team, including
4   the defendant, to have possession of Confidential Discovery pursuant to this Order.

5         d.    The defense team shall not divulge the contents of any Confidential Discovery
6   provided pursuant to this Order to anyone other than the defendant.  A defense team member may show
7   Confidential Discovery to the defendant only in the physical presence of a defense team member, and
8   may not permit the defendant to have physical possession of the Confidential Discovery.  The defense
9   team may use information derived from Confidential Discovery to obtain leads to other evidence that
10  may be used in the defendant's defense, but at no time may the defense show Confidential Discovery to
11  third parties.

12        e.    The defense team shall not permit Confidential Discovery provided pursuant to
13  this Order to be outside of the defense team's offices, homes, vehicles, or personal control.  The defense
14  team may take Confidential Discovery into a custodial facility to show it to the defendant, but, as
15  explained above, the defense team must maintain physical possession of the Confidential Discovery and
16  may not allow the defendant to have physical possession of the Confidential Discovery.

17        f.    In the event that one of the parties files a pleading that references or contains
18  Confidential Discovery or information therefrom, that filing must be made under seal.

19        g.    At the request of the government, the defense team shall return all Confidential
20  Discovery provided pursuant to this Order to the government fourteen calendar days after any one of the
21  following events, whichever occurs latest in time: dismissal of all charges against the defendant; the
22  defendant's acquittal by court or jury; the conclusion of any direct appeal; the expiration of the time
23  period for filing a motion pursuant to 28 U.S.C. § 2255; or the district court's ruling on any motion filed
24  pursuant to 28 U.S.C. §  2255.  In the event that the defense team has made notes or marks on the
25  Confidential Discovery constituting work product, the defense team shall return the materials to the
26  government in a sealed container labeled "WORK PRODUCT-DESTROY."

27
28
STIPULATION AND [PROPOSED] PROTECTIVE ORDER
15-CR-406 JST

h. After return of the materials, the government may destroy the Confidential Discovery.

**SO STIPULATED**:

DATED: October 16, 2015         _____/s/_____
                                JONAS LERMAN
                                Assistant United States Attorney


DATED: October 16, 2015         _____/s/_____
                                JEROME MATTHEWS
                                Attorney for Defendant


## ORDER

**FOR GOOD CAUSE SHOWN, IT IS SO ORDERED**: The government is hereby authorized, pursuant to Federal Rule of Criminal Procedure 16, to disclose discovery to the defense team and may designate discovery to be governed by this protective order as Confidential Discovery. The parties are hereby ordered to comply with the conditions set forth in paragraphs 4(a)-(h) of this stipulation and order pursuant to Federal Rule of Criminal Procedure 16(d)(1).

DATED: October 16, 2015         _____
                                HON. JON S. TIGAR
                                United States District Judge

*IT IS SO ORDERED*
*Judge Jon S. Tigar*

STIPULATION AND [PROPOSED] PROTECTIVE ORDER
15-CR-406 JST